## John Roe v. Mrs. D. Davis.

No. 2381. Decided January 20, 1915.

**1.—Trust Deed—Sale—Notice.**

The statutory requirement (Rev. Stats., 1911, art. 3759) that in sales of real estate under power conferred by any deed of trust "notice shall be given as now required in judicial sales" means, by the word "now," the law in force when article 3759 was enacted, in 1889, which was article 2309, Rev. Stats., 1879; that is, notices posted at three public places in the county, one being the door of the courthouse. (P. 539.)

**2.—Same—Sufficiency of the Evidence.**

Testimony of a trustee making sale of real property in Bowie County under a deed of trust, that he posted one notice personally on the blackboard in the county building at Texarkana, mailed one to R. at Boston, the county seat, to be posted at the courthouse, and one to S. at De Kalb, another town in the county, to be there posted (this being the only evidence as to whether the notices were posted as required by law) and advertised the sale for three

weeks in a newspaper, is held sufficient to show legal notice supporting the trustee's sale.   (Pp. 539, 540.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Bowie County.

Mrs. Davis sued Roe, and had judgment for the recovery of land. Defendant appealed, and obtained writ of error on affirmance (142 S. W., 950). The trustee's deed introduced in evidence was not copied in the record nor recitals of notice therein shown by the statement of facts.

*Hart, Mahaffey & Thomas,* for plaintiff in. error.—The sale of real estate by a trustee, under deed of trust, conveys no title, unless the notice of sale was given by said trustee as required by the deed of trust, or given as required by law, and this notice must be posted at three public places in the county, where the real estate is to be sold by trustee, in person, and the powers thus conferred are personal, and can not be delegated.   Meisner v. Taylor, 120 S. W., 1014; Fischer v. Simon, 95 Texas, 239; Marston v. Yaites, 66 S. W., 867; Clark v. Burke, 39 S. W., 306.

If we grant that the burden of proof rested upon the defendant in the court below to prove that the sale was not properly advertised, then the Court of Civil Appeals erred in holding that when the defendant showed by the substitute trustee that he did not in person post the notices of said sale and did not personally know that they had been posted, he, defendant, did not thereby shift upon plaintiff the burden of proving that the notices had in fact been posted in the manner provided by the deed of trust.   Same authorities.

*Rodgers & Dorrough,* for defendant in error.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error owned the lots in controversy, which are situated in the City of Texarkana—it is unnecessary to describe them more particularly in this statement. He borrowed $675, giving his note, payable to Stewart & Rochelle, to secure which he executed and delivered to the said parties a deed of trust, wherein he appointed W. H. H. Moores as trustee, with power to sell, and with the power to appoint a substitute trustee. Subsequently, the note was transferred to Mrs. D. Davis, the defendant in error, and Moores having removed from that vicinity, R. P. Dorough was regularly appointed as the substitute trustee. At the time the deed of trust was given, the appellant was the head of a family, and testified that he resided on this property, and claimed it as his homestead in this litigation, but it is unnecessary to make further statement with regard to that matter, as it was a question of fact, which the court decided against him.

The lots embraced in the deed of trust were sold at public sale and were purchased by Mrs. Davis, to whom the note had been transferred.

The appellant instituted this suit to recover the property from Mrs. Davis, and alleged that it was his homestead at the time that the deed was made, and that his wife did not join in the sale, which issue was disposed of as above stated. It was alleged that there was no proper notice of the sale given, as required by the statute, and this is the only question that is now before this court.

The court found that the trustee delivered to the sheriff of that county a notice of the sale, stating, according to law, the time when and place where it would occur, which was, by the sheriff, to be posted at the county seat. He also sent copy to other persons at different places by mail, requesting that it be posted in a public place at each one of the points named. The action taken was in time to give notice for more than twenty days prior to the date when the sale should occur. The trustee did not see the notices where they were placed, and relied upon the fact that he had sent them to persons whom he knew and had confidence in, believing that they had posted them according to his instructions. There was no evidence further as to the actual posting of the notices. At the expiration of the time given, the sale was made by the trustee in regular order, and the property was bought in by the defendant in error, Mrs. Davis. The only question presented to this court is, the plaintiff in error claims that there was not sufficient evidence to show that the statute had been complied with in giving notice of the sale.

The statute under which the deed of trust was executed and the land sold, reads:

"Art. 3759. Real estate sales under deeds of trust,—how made.—All sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Notice shall be given as now required in judicial sales; and such sales shall be made at public vendue, between the hours of ten o'clock a. m. and four o'clock p. m. of the first Tuesday in any month."

In Fischer v. Simon, 95 Texas, 239, 66 S. W., 448, the words "now in force" were declared to mean the law in force when article 3759 was enacted in 1889, which law thus referred to was article 2309, Digest, 1879, which we copy:

"Art. 2309. The time and place of making sale of real estate, in execution, shall be publicly advertised by the officer for at least twenty days successively next before the day of sale, by posting up written or printed notices thereof at three public places in the county, one of which shall be the door of the courthouse of the county."

The deed of trust provides:

"And it is further specially agreed by the parties hereunto that in any deed or deeds given by any trustee or substitute duly appointed hereunder, and all statements of facts or other recitals therein made as to the non-payment of the money secured, or as to the request to sell, the time, the place, terms of sale and property to be sold having been duly published, or as to any other act or thing having been duly

done by any trustee, or substitute trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts, and are without further question to be accepted, and we, the said grantors, do hereby ratify and confirm any and all acts that the trustee or substitute, or his successors in this trust may lawfully do in the premises by virtue hereof."

"Plaintiff next introduced warranty deed executed August 3, 1909, by R. P. Dorough, substitute trustee, conveying lot No. 6 in block No. 66, in the City of Texarkana, Bowie County, Texas, to Mrs. D. Davis, plaintiff. Acknowledged August 7, 1909, filed for record September 21, 1909, recorded October 9, 1909, in volume 54, page 257, Deed · Records of Bowie County, Texas."

The statement of facts contains the following statement:

"Hon. R. P. Dorough, being first duly sworn, testified as follows:

"Direct examination:   I am the R. P. Dorough who made this deed as substitute trustee.

"Q.   This deed just states that you advertised this property for sale in the manner prescribed by law.   Wish you would state to the court how you did advertise it.

"A.   My recollection is, Mr. Thomas, that we made out three notices; I posted one there on the blackboard at the foot of the stairs, in the county building, in Texarkana, and mailed one to Mr. Rochelle, to be posted here at the courthouse, and to Mr. Smith at DeKalb, to be posted at DeKalb; that we mailed a copy of it to John Roe and Charity Roe, and then advertised it in the Courier for three weeks."

We deem this as sufficient evidence to prove a compliance with the terms of the deed of trust in advertising the lots, and also to prove a compliance with the statute quoted above.   There is no ground for a reasonable doubt that the sale was properly advertised, and the sale made as provided by the deed of trust and the statute.   The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*