**WHITTAKER et ux. v. SCHLANGER et al.**
**No. 10989.**

Court of Civil Appeals of Texas. Galveston.
March 28, 1940.

Rehearing Denied April 18, 1940.

Duncan Neblett and W. P. Neblett, both of Houston, for appellants.

Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action brought originally by appellants, H. C. Whittaker and wife, Carrie I. Whittaker, seeking an injunction restraining appellees, Daniel Schlanger, as substitute trustee, and Seymour Wagner, as beneficiary, from proceeding with a trustee's sale under a deed of trust and for the cancellation of a note and liens secured thereby.

A temporary order was entered by the trial court, restraining said sale pending the hearing of the cause on its merits.

Appellees answered denying the various allegations in plaintiff's petition. By crossaction appellee Wagner sought the foreclosure of vendor's lien and a deed of trust lien retained to secure the payment of a note for the sum of $2,500, alleged to have been executed by appellants as a part of the purchase price for Lots 7, 8, 9, and 10 in Block 43, Chapman's Third Addition to the City of Houston. He alleged that by reason of their actions appellants were estopped to claim the invalidity of certain instruments executed by them.

In answer to appellee Wagner's crossaction appellants pled that the note, deed of trust, and deed reserving a vendor's lien on said property executed by them, were void for the reason that Sam Epstein had acquired title thereto under foreclosure sales under prior deeds of trust thereon which were inoperative as to said Lot 7 and part of said Lot 8, because of the alleged homestead character of said property.

At the conclusion of appellants' evidence, in a trial before a jury, appellees rested their case and presented a motion for an instructed verdict. Said motion was granted and judgment was entered accordingly, denying the relief sought by appellants and granting appellee, Wagner, judgment for his debt, with foreclosure of his lien against said Lots 7, 8, 9 and 10 in said Block 43.

The record shows that the four lots in question were originally purchased by appellants in 1921; that shortly thereafter appellants moved into a house on said Lot 7 and occupied it as their homestead until the latter part of 1927, when they moved to a section house located at Pierce Junction, outside of the limits of the City of Houston. In 1938, after the institution of this suit, appellants again took possession of and occupied the said house located on said Lot No. 7.

On March 20, 1931, after they had moved to Pierce Junction, appellants entered into a mechanic's lien contract with one Frank Grundy for certain repairs and improvements to the house located on said Lot 7, contracting to pay therefor the sum of $313.50, evidenced by a note of that date payable to the order of Frank Grundy. Said contract contained a provision assigning said note and the lien therein created to Minor Stewart. It recited that said indebtedness was further secured by a deed of trust of even date therewith to the Houston Security Corporation, trustee.

Said deed of trust contained a recitation that the property therein conveyed formed no part of any property claimed by grantors as exempt from forced sale under the laws of the State of Texas, and that grantors disclaimed and renounced all and every claim thereto under any such laws.

On August 4, 1931, the Houston Security Corporation, as trustee under above deed of trust, conveyed said Lot 7 to Sam Epstein.

By deed of trust dated December 16, 1925, appellants conveyed Lots 8, 9 and 10 in said Block 43, to Harry W. Freeman, trustee, to secure the payment of a note for $850, payable to the order of M. D. Cohen. Said deed of trust contained a designation of said Lot 7 as their homestead and expressly renounced any homestead claim to the property therein conveyed. At the time of the execution of said note and deed of trust appellants also executed an affidavit in which they represented that they were the identical parties who had executed said note and deed of trust; that said Lots 8, 9 and 10 were vacant lots upon which there were no improvements and that they were fenced off from adjoining Lot 7, in said Block 43.

By assignment dated December 13, 1928, M. D. Cohen transferred this note and the deed of trust lien securing it to Minor Stewart, and by assignment dated December 14, 1928, Minor Stewart transferred said note and lien to the Houston Title Guaranty Company. On the same day appellants executed a new deed of trust to the Houston Security Corporation, as trustee for the Houston Title Guaranty Company, covering said Lots 8, 9 and 10, reciting that it was given to secure payment of a note of even date therewith for $1,050, and that said note was a renewal and extension of the original indebtedness to M. D. Cohen, originating in 1925, for $850. The Houston Title Guaranty Company was subrogated to all the rights of M. D. Cohen by reason of its payment to Cohen of said indebtedness. On August 4, 1931, the Houston Security Corporation, as trustee in this deed of trust, conveyed said three lots to Sam Epstein.

By deed of trust dated March 9, 1928, appellants conveyed said Lots 7, 8, 9 and 10 with other property to the Houston Security Corporation as trustee for the use of the Houston Title Guaranty Company, to secure a note for $1,000, payable to Houston Title Guaranty Company. This deed of trust contained a stipulation that said property formed no part of any property claimed as a homestead. This deed of trust was foreclosed and the property therein described was conveyed to Sam Epstein by trustee's deed dated August 4, 1931.

By deed of trust dated March 20, 1931, appellants executed a deed of trust conveying said Lots 7, 8, 9 and 10, with other property, to Minor Stewart, as trustee for the Houston Security Corporation, to secure the payment of a note for $813.65, payable to the Houston Security Corporation. This deed of trust contained recitals by appellants that the property therein conveyed formed no part of their homestead. It was foreclosed by Minor Stewart, trustee, and the property therein described was conveyed to Sam Epstein by trustee's deed dated August 4, 1931.

By deed dated August 5, 1931, Sam Epstein conveyed the four lots in question to appellants for a recited consideration of $10 cash, paid by appellants, and the further sum of $2,500, cash paid to him by appellee, Seymour Wagner. Said deed recited that the said payment of $2,500 by appellee Wagner was evidenced by a note of even date with said deed, payable to Wagner five years after date. A vendor's lien was expressly retained in said deed to secure the payment of said note, and said note was additionally secured by a deed of trust executed by appellants conveying said four lots to the Houston Security Corporation,

as trustee, for the benefit of appellee Wagner. Appellee Schlanger was duly appointed substitute trustee under said deed of trust.

Each of the deeds of trust above referred to contains the following recitals: "It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against the party of the first part herein, his heirs and assigns, whether such prerequisites shall have been performed or shall not have been performed."

Each of the trustee's deeds above referred to contains the recitation of request by the owners and holders of said notes for the foreclosure thereof by reason of default, due notice, sale within the regular time required by law, and conveyance to Sam Epstein in accordance with the powers given under said deeds of trust.

Appellants offered no evidence contradicting the terms of any of said trustee's deeds, and there is no proof of any fraud in the execution of either said deeds of trust or said trustee's deeds upon which their invalidity could be based. Further, the record does not show that the indebtedness secured by any of said deeds of trust was paid prior to said foreclosure sales.

The controlling issue to be determined in this appeal is whether the several deeds of trust which were foreclosed on August 4, 1931, constituted valid liens against the property in question, and whether the title to said property passed to Sam Epstein by the four trustee's deeds made thereunder.

Appellants do not contend that the said deeds of trust were not executed by them or that they were not executed for the purpose of creating liens on the properties therein described, and no question is raised by them as to their execution of said mechanic's lien contract and note or the deed of trust by which it was secured or that the work provided for in said contract was not performed in the manner provided for therein. While they contend that the note secured by said mechanic's lien contract and deed of trust was paid by the rentals collected from said Lot 7, the record does not bear out this contention.

■ Appellants' contention that the half of said Lot 8 adjoining Lot 7 was occupied by them as their homestead cannot be sustained. The mechanic's lien contract and deed of trust executed by appellants provided for improvements to the house located on said Lot 7. We are referred to no evidence showing that half of said Lot 8 was occupied by appellants as their homestead. By deed of trust dated December 16, 1925, appellants expressly designated Lot 7 as their homestead and renounced any homestead claim to said Lots 8, 9 and 10, and by affidavit executed on the same date they represented that said Lots 8, 9 and 10 were vacant lots upon which there were no improvements and that said lots were fenced off from adjoining Lot 7. Under above facts, appellants are estopped from claiming the half of said Lot 8 adjoining said Lot 7 as their homestead.

■ Under the established rule in this state that where a deed of trust recites that in case of sale all prerequisites of sale shall be presumed to have been performed and that all statements of fact in any conveyance given under the deed of trust as to advertisement of sale, etc., shall be prima facie evidence of the truth of the facts stated, we must presume that request was made by the owners of said notes for the foreclosure of said deeds of trust by reason of default, that due notice of said sale was given, that said sales were made within the regular time required by law, and that each of said trustee's sales were made in accordance with the powers given under said deeds of trust, and that the title to said four lots passed regularly to Sam Epstein by said trustee's deeds. Natali v. Witthaus, Tex. Com.App., 135 S.W.2d 969; Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; McFarlance v. Whitney, Tex.Com.App., 134 S.W. 2d 1047.

■ Appellants, having accepted said deed from Sam Epstein, the purchaser of the property in controversy at trustee's sale, and having executed a note in favor of appellee Wagner secured by a vendor's lien thereon, which is superior to their alleged homestead rights in said property, and having executed a deed of trust to secure the payment of said note, and having raised no issue, either by pleading or evidence, as to the due execution, acknowledgment or delivery of any of these instruments, they are estopped to, at this time, attempt to set aside any of said deeds of trust and to avoid the payment of said note.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.