Gladys M. CLINE, a feme sole, Independent executrix of the Will and Estate of Allyn R. Cline, deceased, et al., Appellants,

v.

Carriebelle F. CLINE, Appellee.

No. 13291.

Court of Civil Appeals of Texas.

Houston.

April 2, 1959.

Rehearing Denied April 23, 1959.

De Lange, Hudspeth & Pitman, Albert
J. De Lange, C. M. Hudspeth, and E. J.
Pitman, Houston, for appellants.

Thomas B. Blanchard, Ed Schwab, III,
Louis W. Graves, Jr., and Holman, Graves
& Saccomanno, Houston, for appellee.

WERLEIN, Justice.

Appellee, Carriebelle F. Cline, also known
as Mrs. C. F. Cline, in her second amended
original petition filed in District Court
Cause No. 434,169, complained of Gladys
M. Cline, as independent executrix of the
will and estate of Allyn R. Cline, deceased,
and Seaport Trust Company, appellants,
and of Cline Mortgage & Trust Company,
individually and as trustee. The suit had
originally included Allyn R. Cline, who died
before trial. Appellee's trial petition con-
tains three counts: Count I, in trespass-
to-try title, suing for an undivided one-
half interest in all five Tracts Nos. A, B,
C, D and III as shown, merely for con-
venient reference and illustrative purposes,
on the accompanying map which is substan-
tially a copy of appellee's Exhibit 8, with
some changes or additions; Count II, an
action to set aside a deed of trust executed
by Allyn R. Cline to J. Frank Duncan,
trustee, the trustee's deed to Cline Mort-
gage & Trust Company, sometimes called
herein Cline Mortgage, and deed from Cline
Mortgage to Seaport Trust Company, some-
times called herein Seaport, covering two
tracts designated A and B comprising origi-
ally respectively 46.04 acres and 6.87 acres,
and for partition of such tracts; and,
Count III, which adopts Count II and also
sets out appellee's claim to an undivided
one-half interest in all the tracts described
in Count I. A cross-action in behalf of
Cline Mortgage and Seaport was included
in the second amended original answer of
appellants.

Appellants and appellee filed motions for summary judgment, and on pretrial hearing the Court overruled appellee's motion but granted the motion of appellant Gladys M. Cline, sometimes called Miss Cline, as to Tract III together with an easement over Tract D, the closed portion of the old Cemetery Road, as hereinafter more particularly described. The Court left undetermined the questions respecting other easements and other pleas in abatement until further hearing.

In determining the issues involved herein, consideration must be given to related District Court Cause No. 360,935, styled Allyn R. Cline v. C. F. Cline, originally a divorce suit in which judgment was entered December 29, 1950, granting Allyn R. Cline a divorce from appellee herein, and denying any recovery by appellee against Gladys M. Cline and Cline Mortgage. Such judgment was affirmed by this Court. See Cline v. Cline, Tex.Civ.App., 243 S.W.2d 244, writ dismissed.

After mandate in Cause No. 360,935 was issued, the motions of Gladys M. Cline, independent executrix of the estate of Allyn R. Cline, deceased, and Carriebelle F. Cline, to enforce judgment rendered therein were heard, and the Court on August 8, 1956, entered judgment reciting that previously the Court had entered an interlocutory order and a decree consolidating said cause with the present cause for purposes of trial so that they could be tried together on a single record but as separate causes. The Court in said cause decreed that all right, title and interest of Cline Mortgage, which had been dissolved, had passed to Gladys M. Cline, and that Carriebelle F. Cline take nothing against Cline Mortgage. The Court then proceeded in the enforcement of the decree of December 29, 1950, to adjudicate the rights of the parties with respect to certain personal property, but decreed that all matters affecting the rights and titles of the parties respecting the Widewater Farm property, being the property in the Ritson Morris Survey in Harris County, Texas, and liens against the same, had

been severed from said cause and were being adjudicated in the present cause. No appeal has been taken from the decree of August 8, 1956, in Cause No. 360,935.

The present cause was tried to the Court without a jury. The judgment entered on August 8, 1956, recited that all interest of Cline Mortgage passed into Miss Cline, although legal title to portions thereof was in Seaport for her use and benefit. Tract III, as described in the Court's judgment, was decreed to Miss Cline.

It was also decreed that perpetual easements exist and are established as private roads and ways of ingress and egress to such Tract and as appurtenant to Tract III as the dominant estate over and across the North 30 feet of Tract D and over a portion of Tract A as indicated on map by designation "shell road."

The Court then decreed that subject to liens and said easements, appellee have judgment against appellants for a full one-half undivided interest in Tracts A, B, C and D, describing them by metes and bounds, and as to the remaining one-half interest in said tracts appellee take nothing of and from appellants. It was also decreed that as to the undivided one-half interest of appellee in Tracts A, B, C and D the foreclosure deed from J. Frank Duncan, trustee, to Cline Mortgage be and the same was set aside, but that Tracts A, B and D were subject to a valid lien as described in the deed of trust executed by Allyn R. Cline to J. Frank Duncan, as trustee, to secure the $7,000 note that was given by Allyn R. Cline to Cline Mortgage, and that such indebtedness and the lien securing it were established and vested in Miss Cline, one-half of the indebtedness being secured by a lien upon the undivided one-half interest in Tracts A, B and D adjudged to appellee.

The Court further decreed that appellee recover from Seaport and Miss Cline, as independent executrix, the sum of $500, being one-half of the value of the house removed by · appellants from property in

controversy. The Court then ordered that Tracts A, B, C and D be partitioned between appellee and Seaport (Seaport holding for the use and benefit of Miss Cline) and the share of appellee in Tracts A, B and D being subject to one-half of the indebtedness secured by said deed of trust, and that such one-half of such indebtedness be paid before confirmation of title in appellee. Commissioners were appointed to partition the property. Only Seaport and Miss Cline, independent executrix, have perfected an appeal to this Court. On request of appellants, the Court made its findings of fact and conclusions of law.

Appellants' Points 1 to 5, inclusive, assert in effect that the District Court erred in holding void the trustee's sale from Duncan, trustee, to Cline Mortgage; in holding the property sold was in custodia legis; in concluding that no valid request was made to the trustee to sell the property; in finding and holding said conveyance was for an inadequate consideration, and made under circumstances that rendered it void or voidable; in holding Allyn R. Cline had the means to pay the $7,000 note, and that he could have obtained an extension thereof; and that Mrs. Cline would have paid the indebtedness had she known of the proposed foreclosure; there being no competent evidence in support of such findings, and the same being immaterial and not supporting the judgment rendering invalid the trustee's sale and conveyance.

In order to determine whether Tracts A and B were in custodia legis at the time of the trustee's sale of said tracts to Cline Mortgage; it is necessary to examine the pertinent provisions of the Court's decree entered in Cause No. 360,935 on December 29, 1950. Said cause was filed November 11, 1948. The deed of trust in question was not executed until January 13, 1949. The trustee's deed was executed April 4, 1951.

The judgment of December 29, 1950, entered by the same judge who tried the present cause, provided, among other things, that "Plaintiff and Defendant own as community property the real estate in Harris County, Texas, more particularly hereinafter described, which property the Court determines is not divisible in kind, and must be sold for the purpose of partition, namely:

"Ritson-Morris Survey property: two tracts comprising originally 47.04 and 6.87 acres, respectively, more or less, being the property conveyed by R. E. Allday to Allyn R. Cline by deed dated April 1, 1940, recorded in Vol. 1164, p. 9, deed records of Harris County, Texas (includes all land within present fences as well as that portion which has been subjected to erosion)."

The decree then provided for the division or sale of certain personal property by *"the Commissioner named herein"* (emphasis ours) and further provided:

"16. Community properties of plaintiff and defendant are subject to the following additional indebtedness owing to third parties, viz.:

"Item (1)—Note payable to Cline Mortgage & Trust Company, in the principal sum of $7,000.00, plus interest at 5% from the 15th day of October, 1950, secured by mortgage on farm near Seabrook known as Item 4 of Paragraph 8 hereof.

"   *      *      *      *      *      *

"18. As the community properties are subject to the payment of community indebtedness, it is expressly understood that on sales of the properties as therein set forth proceeds shall be applied to payment of such indebtedness in the following order and sequence:

"   *      *      *      *      *      *

"Item (2) Note payable on farm ‛ 7,000.00 plus interest

"   *      *      *      *      *      *

"The indebtedness in Item (2) of this Paragraph 18 is secured by a lien on such property and the proceeds of any sale of such property referred to

in this Item (2) is first to be applied to the payment of said lien indebtedness in full.

"*      *      *      *      *      *

M. H. James

"19. ~~W. Cecil Sisson~~ is hereby appointed Commissioner to divide the properties and make sales herein referred to. As such actions are taken by him, he shall report same to this Court for confirmation after notice to the parties. Such Commissioner shall give at least five days written notice to Albert J. De Lange as attorney for plaintiff, or to plaintiff A. R. Cline, and the same notice to T. B. Blanchard, attorney for defendant, or to said defendant, Mrs. C. F. Cline, of any contemplated sale or action and plaintiff and defendant, as well as third parites, shall be equally entitled to bid on any such properties.

"*      *      *      *      *      *

"22. It is also especially Ordered and Decreed that the parties, plaintiff and defendant, may make voluntary partition or partitions, in whole or in part, between themselves prior to sale of any property or properties hereunder. * * * When such partitions, adjudgments or transfers are agreed upon, same shall be evidenced by written agreements and conveyances, which shall then vest in the parties, respectively, in the portions, respectively, as their respective separate property and estate, the portions thus agreed upon between them. Upon a written counter part of any such instrument being filed with the Clerk of this Court, same shall operate and serve to prevent any subsequent sale by a Commissioner appointed herein, or by any other judicial process hereunder.

"The Court reserves jurisdiction for the enforcement of this order, including right to require either party to bring in any certificate of stock, muniments of title, or other properties for the purpose of effectuating transfers, sales, partitions, or other actions herein provided for, the ordering and confirmation of sale, and other actions and provisions necessary for the enforcement of this decree.

"All substantive rights and titles, equities, liens and adjustments of the parties hereinbefore set forth as hereby determined and decreed are applicable, whether partitions and allotments are voluntarily made, or sale is by Commissioner, or other judicial action and process, or by whatever means this judgment is enforced; all processes and remedies applicable to judgments being reserved and expressly given to the parties hereto, subject to the specific methods herein prescribed where applicable."

In the present cause the Court found that the $7,000 note represented a valid indebtedness of the community, secured by a valid lien on Tracts A and B as established by the decree of divorce of December 29, 1950, in Cause No. 360,935; that said decree appointed M. H. James as commissioner to divide the community property of said parties and make sales of same in the event no voluntary partition of the property was made; that M. H. James never attempted to act as such commissioner and never took possession of any of the property, and that he resigned on July 22, 1954, at which time Albert R. Young was appointed commissioner in lieu of said M. H. James. The court then found "that by the terms of said final decree of December 29, 1950, the Court retained jurisdiction of the property and that same was in custodia legis" and that Allyn R. Cline, J. Frank Duncan, Gladys M. Cline and Cline Mortgage were aware of the terms of the final decree of divorce dated December 29, 1950, in Cause No. 360,935. The Court also found that on September 29, 1955, Cline Mortgage made other conveyances to Miss Cline and Seaport for her use and benefit, covering the property in controversy.

■ Appellants contend that since M. H. James made no bond or otherwise qualified as Commissioner and took no possession of the property, such property was not in custodia legis at the time. We do not agree. The property was placed in custodia legis when the decree was entered appointing the commissioner and prescribing his duties. Riesner v. Gulf, C. & S. F. Ry. Co., 89 Tex. 656, 36 S.W. 53, 33 L.R.A. 171; 36 Tex.Jur., p. 177, Sec. 84, Receivers. It was not necessary for the Court to require that the commissioner give bond. Rule 695–a, Texas Rules of Civil Procedure; Lotz v. Lotz, Tex.Civ.App., 185 S.W.2d 481, no writ history.

In Hacker v. Hacker, Tex.Civ.App., 4 S.W.2d page 218, 221, this Court stated:

"We agree with appellant that the sale under the trust deed was unauthorized and did not pass appellant's title to the defendant Schwiekart, because the property at the time of the sale was in custodia legis. The district court of Harris county having acquired jurisdiction over the property by the divorce proceeding, and having appointed a receiver to take charge of it and dispose of it in accordance with the decree of that court, no valid sale of the property could be made under process from any other court without the consent of the court in which the receivership was pending, and for a stronger reason a sale by a trustee foreclosing a lien would not affect the title held by the receiver. Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 26 Am. St.Rep. 776; Wiswall v. Sampson, 14 How. 52, 14 L.Ed. 322; Ellis v. Vernon Ice [Light & Water] Co., 86 Tex. 109, 23 S.W. [858] 859; Scott v. Crawford, 16 Tex.Civ.App. 477, 41 S.W. 697."

In Texas Trunk R. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 649, our Supreme Court, through Chief Justice Stayton, stated:

"In the case before us it appears not only that the suit in Kaufman county was instituted before the attachment sued out by Thompson was levied, but that the court had appointed a receiver before that was done, who, however, did not qualify until after the levy was made. We understand the courts to hold, almost without dissent, that, after the appointment of a receiver, the property to which the receivership relates is to be deemed in the custody of the law, and this seems to us the correct rule."

The Court in Cause No. 360,935 had the power to appoint the commissioner and order the sale and to cause its judgment and decree to be carried into execution. 26 Tex. Jur. 535, Judicial Sales, Sec. 2.

After a careful examination of the decree of December 29, 1950 in Cause No. 360,935 and the evidence, we have concluded as did the Trial Court, that the sale under the deed of trust was void because under the terms of said decree Tracts A and B were in custodia legis.

■ With respect to the trustee's sale and the inadequacy of the amount paid for the property by Cline Mortgage, the Court made the following findings of fact: that Allyn R. Cline was president and actual manager of Cline Mortgage, and J. Frank Duncan was executive vice president thereof; that while Cause No. 360,935 was on appeal Duncan spoke to Cline about the note being in default and asked what he was going to do about it, and Cline told him that he wasn't going to do anything about it; whereupon Duncan asked him, "Well, what do you think we had better do?" to which Cline replied, "Well, if I was you, I would foreclose"; that said statement was the only request (if it can be so construed) that the trustee ever had to post the property for sale; that acting on said conversation with Cline, the trustee sold the property for $6,000 by deed dated April 4, 1951, filed for record September 27, 1951; that had Cline requested delay in the foreclosure proceedings the trustee would not have posted the property for sale, and that had Cline requested Cline Mortgage to extend the pay-

ment of said note it would have done so; that at the time of posting of the property for sale Cline had in his possession community property of himself and Mrs. Cline of the liquid value far in excess of the indebtedness; that at the time of posting and sale the property covered by said deed of trust was worth $30,000, far in excess of the indebtedness; that appellee had in her possession cash, to the knowledge of both Cline and Duncan, an amount of money, far in excess of the debt, and that had she known the property had been posted for sale, she would have used her funds to pay the debt in order to protect her interest in the security; that no notice of the posting of the property for sale was given by any one to appellee or to her attorney and that neither of them knew of the posting of the property or the sale thereunder until some time in the year 1952.

As contended by appellants, inadequacy of consideration alone does not render a sale void or voidable. Moreover, recitals in a trustee's deed are, if the deed of trust so provides, prima facie proof that all prerequisites to the sale under the deed of trust have been complied with. Whittaker v. Schlanger, Tex.Civ.App., 139 S.W. 2d 177, writ dism., correct judgment. See also Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Southland Lumber Co. v. Boyd, Tex.Com.App., 244 S.W. 119; Roe v. Davis, 106 Tex. 537, 172 S.W. 708.

The law is well established, however, that such presumption is not conclusive but is one which may be rebutted. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671; McFarlane v. Whitney, 134 Tex. 394, 134 S.W. 2d 1047; Hart v. Eason, Tex., 321 S.W.2d 574.

In the instant case the Court was well warranted, under the evidence, in finding that the only request, if it can be construed as a request, was the statement made by Cline, "Well, if I was you, I would foreclose." Such statement does not constitute a direct request that the trustee sell the property, but if it can be construed as a left-handed request and sufficient, appellants are still confronted with inadequacy of consideration and other circumstances, which appellee contends rendered the sale voidable.

The testimony shows that no one connected with Cline Mortgage made any demand on appellee or her attorney for payment of the note in question; that Cline Mortgage was under the control and direction of Mr. Cline, and according to Mr. Duncan, Cline Mortgage was a one-man organization, the one man being Cline. The evidence is also undisputed that appellee did not know anything about the posting of notices of the trustee's sale until some time in 1952. It was also shown that while Cline Mortgage always filed its deeds as soon as it could, it did not file for record the trustee's deed in question until September 27, 1951, although said deed was executed April 4, 1951.

The Court's finding that the property, which was struck off to Cline Mortgage for $6,000, was at the time of the foreclosure of the value of $30,000, is amply supported by the testimony of appellee, William H. Scott and Albert W. Westerhaus. Scott owned property lying just south of Tract A and Pine Gulley. He was well qualified to testify as to values from his knowledge of sales that he had made. He testified that the entire property was worth at such time an average of $900 per acre, thus giving it a value far in excess of the sum found by the Court.

Westerhaus qualified as a professional appraiser. He testified as to his familiarity with the property and that Tracts A, B and C, together, had a value of $34,152.16 at the time of the trustee's sale in 1951, and that at the time of the trial in 1956 it had a value of twice the amount it was worth in 1951.

It was shown that on March 16, 1951, appellee had received some $28,000 decreed to her in Cause No. 360,935, and that had she known of the sale she would have endeavored to pay the note and stop the sale.

It was also shown that Cline had at the time ample assets to have paid off the note had he wanted to do so. According to appellee, the land at the time was worth about $1,000 per acre. There was testimony that had Cline requested Cline Mortgage not to foreclose, it would not have done so. The record does not indicate that any effort was made by Cline to stop the sale. It was further shown that the attorney for appellee, Blanchard, had he been advised of the proposed sale, would have taken steps to have prevented it and that he knew of no reason why the original deed of trust which was dated January 13, 1949, was not filed for registration until December 1, 1950, or why the trustee's deed was not filed until September 27, 1951. Moreover, appellants knew or were charged with notice that the decree in Cause No. 360,935 provided that the proceeds from the sale by the Commissioner of Tracts A and B were to be applied to the payment of the $7,000 note, and they accepted without objection such method of payment. Appellee had a right to rely thereon. If Cline, as manager and alter ego of Cline Mortgage, instructed the trustee to sell, he violated the terms of the decree.

After weighing all of the evidence supporting and militating against the findings of the Court, we have concluded that the Court's findings are not against the great weight and preponderance of the evidence. In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660.

We think the Court was well warranted in concluding that the gross inadequacy of the price obtained at the trustee's sale, coupled with the failure to give notice of same to appellee, was of such nature as to render said sale voidable at her instance. The governing law is well expressed in 29 Tex.Jur. 992–3, Sec. 149, as follows:

"The sale will be set aside on proof of inadequacy of price coupled with a circumstance which tends to establish wrongdoing, such as irregularity in the giving of notice of the sale or miscon-

duct or unfairness on the part of the person who has exercised the power * * * '* * * But it is generally held that only very slight additional circumstances are necessary to invoke the aid of a court of equity.' * * *"

In Gandy v. Cameron State Bank, Tex. Civ.App., 2 S.W.2d 971, 973, writ refused, the Court stated:

"It may be that gross inadequacy of consideration alone is not sufficient to set aside a trustee's sale. But it is generally held that only very slight additional circumstances are necessary to invoke the aid of a court of equity."

Appellants' Points 6 and 7 relating to Tracts A and B present nothing new and are overruled.

Points 8, 9 and 10 complain of the Trial Court holding that appellee owns an undivided one-half interest in Tracts C and D and assert that there is no sufficient evidence to support the Court in holding that Tract C was community deraigned solely through Allyn R. Cline.

It should be noted here that on December 18, 1944, the Commissioners Court of Harris County closed and discontinued for public road purposes that part of the 60 foot road known as the Seabrook Cemetery Road, shown as Tract D on the sketch attached.

The Trial Court found that on December 31, 1953, Cline Mortgage conveyed all the tracts in controversy except Tract III to Seaport; that Miss Cline wholly owned Seaport and that the conveyance to it was as trustee for her; that Tract D, subject to the easements decreed, was included in the deed of trust and trustee's deed insofar as portions of Tract D reverted to Tracts A and B on abandonment by the County of that part of Cemetery Road shown on the sketch as Tract D. The Court further found that Tract C was not covered by said instruments but was conveyed to Allyn R. Cline by the First National Bank of Houston, Texas, April 15, 1940, and that any in-

terest of Miss Cline or Seaport in such Tract was by virtue of the will of Allyn R. Cline who died June 2, 1954, devising all of his property to his sister, Miss Cline, and naming her independent executrix without bond. Miss Cline was acting as duly appointed and qualified independent executrix at the time the judgment in this cause was entered.

■ Appellants contend that no mention is made of Tracts C and D in the decree of December 29, 1950, and that since such decree provides that it is a final judgment and that all matters and items not specifically disposed of are adjudged against the person asserting same, appellee having the burden of proof cannot recover. The provision in the decree refers to matters and items *asserted* in the cause of action. Since the Court was disposing specifically of all the items and matters presented in Cause No. 360,935, and did not mention Tracts C and D, it seems clear that neither party in that cause was asserting title to Tracts C and D, and hence no disposition was made thereof in such decree. The judgment contains no general clause decreeing to either party property not specifically awarded.

It is our opinion, therefore, that said provision in the decree does not militate against appellee's contention that said tracts are community and that she is entitled to recover an undivided one-half interest therein.

As stated in Whetstone v. Coffey, 48 Tex. 269:

"It would seem, that, as between her and her husband, it would be equally reasonable that she should not be debarred of her rights in the community property, where neither she nor he brought the property in question in the suit for divorce."

Kirberg v. Worrell, Tex.Com.App., 44 S.W.2d 940; Gray v. Thomas, 83 Tex. 246, 18 S.W. 721; Keller v. Keller, Tex.Civ. App., 122 S.W.2d 270, affirmed in part 135 Tex. 260, 141 S.W.2d 308.

The effect of deeds from J. M. Kellett and wife to Mrs. Annie Williams and H. E. Kahn, executed in 1915, as shown by appellants' exhibits and the record was to reserve Tract D for public road purposes to a point as far east as the east boundary line of Tract III. In the deed from the Kelletts to L. J. Sherman, the north 30 feet of Tract D east of such point was reserved along the south line of the Sherman tract to the Bay for a public road. The same year, but subsequent to the date of said deeds, a 60 foot right of way deed to the County was executed and delivered by the Kelletts. Upon abandonment by the County of Tract D as a public road, the 30 foot strips constituting the public road reverted to the respective owners of the tracts adjoining same free of the dedication to public use. Prior to such abandonment Allyn R. Cline had acquired title to Tracts A and B from R. E. Allday, the common source.

From the descriptions in the Kellett deeds there can be no question that Tract D is appurtenant to or actually a part of Tracts A, B and III where contiguous thereto. We have concluded, therefore, that there is ample evidence supporting the Court's finding that the deed of trust and trustee's deed included the portions of Tract D which reverted to Tracts A and B.

Tract C was conveyed April 15, 1940, to Allyn R. Cline by the First National Bank of Houston (the common source), and thus became community property of Cline and appellee. After the divorce, Cline and appellee held the same as tenants in common. We think the Court's finding that any interest in Tract C owned by Miss Cline or Seaport is by virtue of the will of Allyn R. Cline is amply supported by the evidence. Hence, Miss Cline, or Seaport, as trustee for her, is owner of Cline's undivided one-half interest in Tract C, passing under his will, and appellee is owner of the other undivided one-half interest therein.

In Point 11 appellants complain that the Court decreed appellee $500 and interest representing one-half the value of the house removed from Tract A. Their sole argu-

ment is based upon their contention that appellee is not entitled to an undivided one-half interest in Tract A and therefore is not entitled to one-half of the value of the house removed therefrom by appellants. In view of what has been said hereinabove, this Point is overruled.

Appellants' Point 12 asserts that the Court erred in failing to adjudge as a lien against the property decreed to appellee, an amount equal to one-half of the principal, interest and attorney's fees on the $7,000 note to date of trial.

The Trial Court found that the note represented a valid indebtedness of the community estate of Allyn R. Cline and Mrs. C. F. Cline, and such note was secured by a valid lien on the property described therein, all of which was established by the decree of divorce dated December 29, 1950, in Cause No. 360,935. The Court further found that interest was paid on said note to December 15, 1950. The Court also found that subsequent to the filing of the present suit said note was placed in the hands of attorneys for collection by Cline Mortgage during its ownership thereof and by Miss Cline thereafter. The Court concluded that appellee was entitled to recover a one-half interest in Tracts A, B and D, charged with one-half of 'the indebtedness represented by said note with interest at the rate of 5% from December 14, 1950.

We are of the opinion that the Court did not err in establishing the lien against Tracts A, B and D in the amount of $7,000 plus 5% interest from December 14, 1950.

We have carefully examined appellants' second amended original answer and cross-action. Appellants did not sue on the note in question, and nowhere in their lengthy pleading did they ask for penalty interest or attorney's fees on said note. They did allege in their answer, however, that the decree of December 29, 1950, conclusively established the existence and validity of the note and indebtedness and lien securing same and all matters with respect to all

parties involved, and in their plea in abatement they pleaded:

"The aforesaid decree establishing said indebtedness, note and liens *conclusively establishes the validity, amount, and extent thereof* against plaintiff, C. F. Cline, in favor of all of these defendants, as well as between the parties to such suit, and such judgment estops said C. F. Cline from contesting same here or elsewhere." (Emphasis ours.)

The decree of December 29, 1950, as stated, provided that the community properties of Cline and wife were subject to

"Item 1. Note payable to Cline Mortgage and Trust Company, in the principal sum of $7,000.00, plus interest at 5% from the 15th day of October, 1950, * * *"

We have concluded that appellants by their pleadings have limited themselves to the amount of the note and interest as established by the decree of December 29, 1950. They cannot now, in the absence of any pleading with respect to penalty interest or attorney's fees, complain that the Court established the indebtedness and lien securing same in the same manner, amount, and extent established in the decree pleaded and relied upon by them.

Appellee, by Cross-Points A, B and C, asserts that the Trial Court erred in establishing easements appurtenant to Tract III, in failing to render judgment against Cline Mortgage, and in refusing to allow appellee credit for the rental value of the premises.

Cline Mortgage did not appeal from the judgment of the Trial Court and the appeal of Seaport and Miss Cline, executrix, is limited to the portions of the judgment adverse to them and to the assignments of error hereinabove discussed. Appellants have not complained of that part of the judgment decreeing to them Tract III and the easements appurtenant thereto. Although they have contended that the Court erred in decreeing

to appellee an undivided one-half interest in Tracts A, B, C and D, they have not appealed from the Court's judgment disposing of the items complained of by appellee in her Cross-Points A, B and C. The portions of the judgment complained of by appellants are entirely distinct and severable from the portions of the judgment complained of by appellee in her Cross-Points.

 We are of the opinion that since appellee has not appealed from the portions of the judgment adverse to her as asserted in her Cross-Points, this Court is without jurisdiction to consider such Cross-Points. Milliken v. Coker, 132 Tex. 23, 115 S.W.2d 620; Barnsdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S.W.2d 960; Soper v. Medford, Tex.Civ.App., 258 S.W.2d 118, no writ history; Connell Construction Co. v. Phil Dor Plaza Corp., Tex., 310 S.W.2d 311.

The judgment of the Trial Court is affirmed.