Ellen CRISWELL et al., Appellants,

v.

SOUTHWESTERN FIDELITY LIFE INSURANCE COMPANY, Appellee.

No. 14196.

Court of Civil Appeals of Texas.

Houston.

Dec. 19, 1963.

James B. Turner, Houston, for appellants.

De Lange, Hudspeth & Pitman; Eugene J. Pitman, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a County Court judgment entered in a forcible detainer action, by the terms of which appellee was found entitled to the possession of certain premises and was granted a judgment in the sum of $1830.00 as damages.

The principal point presented by appellant is the contention that the trial court lacked jurisdiction over this cause of action since a determination of the right to possession of the real property in question necessarily involved the question of title to the premises.

C. L. Sipe sold the property in question to F. E. Baker by deed dated July 15, 1959, which recited, as part of the consideration for the sale, a promissory note in the sum of $4500.00 bearing interest at the rate of 10% per annum, payable in monthly installments of $59.00 each, and secured by vendor's lien and a deed of trust to Linus Hardin, Trustee. By an instrument bearing the same date C. L. Sipe sold, transferred and conveyed the note, together with the liens securing same, and all titles held by C. L. Sipe, to Southwestern Fidelity Life Insurance Company, without recourse. On the same date F. E. Baker conveyed the land to Ellen Criswell, who assumed and agreed to pay "the unpaid balance owing on that one certain promissory note dated July 15, 1959, executed by grantor herein, payable to the order of C. L. Sipe, for the original principal sum of $4,500.00, said note being secured by vendor's lien retained in deed dated July 15, 1959 from C. L. Sipe

to grantor herein, and being additionally secured by deed of trust of even date therewith to Linus Hardin, Trustee." The deed of trust referred to was executed by F. E. Baker and conveyed the property to Linus Hardin, Trustee, as security for the $4,-500.00 note. Included in the provisions of the deed of trust was the following paragraph:

"It is further agreed that in the event of a foreclosure under the power granted hereby, the *owner* in possession of said property shall thereupon become the tenant at will of the purchaser at such foreclosure sale, and should such tenant refuse to surrender possession and said property upon demand, the purchaser shall thereupon be entitled to institute and maintain the statutory action for forcible detainer, and procure a writ of possession thereunder." (Emphasis added.)

Each of these instruments was recorded July 16, 1959.

Subsequently Mrs. Criswell became delinquent in the payments due under the terms of the note, and Linus Hardin caused notices of trustee's sale to be posted. These notices recited that F. E. Baker had made default in the payment of the indebtedness described in the deed of trust. The sale was made and Linus Hardin executed a trustee's deed by which the property was conveyed to Southwestern Fidelity Life Insurance Company. This deed contained a clause by which F. E. Baker, his heirs, executors and administrators warranted the title to the property into the Insurance Company.

All of these instruments were introduced into evidence over appellant's objection that the court did not have jurisdiction of questions involving the validity of title to real estate. They were admitted for the limited purpose of showing the basis of the relationship between the Insurance Company and Mrs. Criswell. It was incumbent on appellee to prove the landlord-

tenant relationship in order to prevail in a forcible detainer action. American Spiritualist Ass'n v. Ravkind, Tex.Civ.App., 313 S.W.2d 121, error ref., n. r. e.

■ The only basis for holding that there was a landlord-tenant relationship in this case is the provision in the deed of trust to that effect. It is settled that such a provision is valid as between the mortgagor and mortgagee and that the purchaser under the deed of trust is thereby authorized to institute detainer proceedings to oust the mortgagor from possession. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 103 A.L.R. 977.

However, despite extensive research, no case from this jurisdiction, or any other, has been found determining whether such an agreement is binding on a purchaser from the mortgagor who assumes the indebtedness.

In the case of Willis v. Moore, 59 Tex. 628, there was a deed of trust providing: "* * * that said Moore or his assigns having possession of said land, will, from and after said sale under said trust deed, attorn to the purchaser or landlord, and hold as tenant at sufferance." Construing this provision, the Court said:

> "The deed of trust seems to evidence the fact that the parties contemplated, even if sale was made under it, that Moore *and those claiming under him* shall not at once surrender the land to the purchaser, but from the time of the sale *should attorn to the purchaser*, which carries with it, by implication, at least an agreement that, from such time, Moore *or his assigns* should, as tenants, recognize the purchaser as the landlord and pay rent for the land from the time of foreclosure." (Emphasis added.)

While the question was not involved in that case, the Court apparently assumed that the agreement would be binding on an assignee of the mortgagor.

The covenant in question does not contain the words "assigns having possession of said land," but the meaning of the phrase contained therein, "the owner in possession of said property," is substantially the same. It also appears from an examination of the deed of trust that the mortgagor is referred to throughout as "parties of the first part" or "grantors", from which circumstance an inference might be drawn that the word "owner" was intended to mean the person owning the property at the time of foreclosure even though such person was not the mortgagor.

■ It is well settled that one agreeing to pay a note secured by a deed of trust lien, as part of the purchase price of the land so encumbered, cannot question the validity of such note or the lien securing it. Bryan v. Dallas Nat. Bank, Tex.Civ.App., 135 S.W.2d 249, writ dism., judgment correct.

■■ The rights of the payee of a note secured by a mortgage, or a deed of trust, cannot be abridged or diminished by subsequent acts of the mortgagor, or grantor in such deed of trust. Mrs. Criswell, therefore, could occupy a no more favorable position than F. E. Baker. The agreement made by Baker as contained in the note assumed by Mrs. Criswell, and the deed of trust securing same, is binding on Mrs. Criswell, Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; Barber v. Federal Land Bank of Houston, Tex.Civ.App., 204 S.W.2d 74.

By her acceptance of the deed from Baker, Mrs. Criswell agreed to pay the note described therein, and, from the recitation that the note was secured by a deed of trust, had constructive notice of the provisions of the deed of trust and impliedly agreed to all of them.

■■ Since the instruments offered into evidence proved a landlord-tenant relationship between Mrs. Criswell and Southwestern Fidelity Life Insurance Company, the trial court did not err in admitting them

into evidence for that purpose. Nor did the fact that it was necessary to introduce evidence of title in order to prove the landlord-tenant relationship deprive the court of jurisdiction since the validity of the title so developed was not in issue. Young Women's Christian Ass'n v. Hair, Tex. Civ.App., 165 S.W.2d 238; Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

■ Appellant has complained of the admission into evidence of the trustee's deed because of an allegedly defective acknowledgment. The execution of the deed was proved by the testimony of the trustee and was properly admitted. Johnson v. Russell, Tex.Civ.App., 220 S.W. 352, writ ref.

■ Appellant's complaint that the trial court erred in admitting a ledger sheet as evidence of default in making the payments required by the note is without merit. While the attorney for appellee was not accurate in naming the corporation in his question, it can hardly be doubted but that the witness, the trial court, and counsel for appellant understood that the question referred to appellee. Other evidence establishing the same fact was also introduced and there was no evidence to the contrary. The error, if any, was harmless. Red River Valley Publishing Co. v. Bridges, Tex.Civ. App., 254 S.W.2d 854.

■ Appellant's point that proper posting of the notices of the trustee's sale was not proven cannot be sustained. The trustee's deed recited proper posting of notices and the deed of trust provided that such a recital would be presumed correct. There was no evidence to rebut the presumption. Roe v. Davis, 106 Tex. 537, 172 S.W. 708; Cline v. Cline, Tex.Civ.App., 323 S.W.2d 276, writ ref., n. r. e.

The judgment of the trial court is affirmed.