**FIRST SOUTHERN PROPERTIES, INC.,**
Appellant,

v.

**Vince VALLONE, Receiver, Appellee.**

No. 16374.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 3, 1975.

Tita, Lackshin & Nathan, Herbert N. Lackshin, B. K. Watson, III, Houston, for appellant.

Strickland & Gordon, Gerald S. Gordon, Houston, for appellee.

PEDEN, Justice.

Appeal from a judgment in favor of a receiver on his application to set aside a trustee's deed.

The trial court had, on April 11, 1973, appointed a receiver to manage and sell the community assets and property of Mr. and Mrs. Darnell while their divorce case was pending. The receiver filed his oath on May 17, 1973. No bond was required of him. The Darnells had bought the real property made the subject of this suit from the Oxfords, who held the Darnells' deed of trust as security for their promissory note for the purchase price. All monthly payments on the $21,000.00 note had been made through April 1, 1973, when the balance was $7,074.43. On May 1, 1973, the monthly payment then due was not paid. Within 11 days after this default in payment one asserting he was a substitute trustee posted notices of sale; on June 5, 1973 he conducted a substitute trustee's sale and appellant purchased the property for $22,000.00. The receiver brought this suit to have the trustee's deed set aside, and after a non-jury trial the court found for the receiver and ordered return of $22,000.00 paid for the property by the appellant.

Appellant's first two points of error complain that the trial court erred in entering judgment for the appellee, because appellant was a bona fide purchaser for value without notice and was entitled to prevail on the principle of estoppel.

The parties stipulated that the date when the plaintiff-receiver filed a lis pendens was June 14, 1973.

The appellee's first counterpoint is that the trial court did not err in holding that real property held in custodia legis by a court-appointed receiver cannot be sold by a lienholder under a power of sale, that such a sale is a nullity and a trustee's deed is void.

The trial court's first five conclusions of law were:

1. "THAT by the appointment of a Receiver therefor, the subject property was in custodia legis at the time of the Substitute Trustee's Sale on June 5, 1973.

2. "THAT property in possession of a receiver may not be sold by a trustee to satisfy a mortgage or trust deed unless the sale is authorized by the court in which the receivership is pending.

3. "THAT the purported sale of property in receivership under a power contained in a deed of trust is void.

4. "THAT the purported sale under a power contained in the deed of trust passed no title.

5. "THAT the Substitute Trustee's deed is void."

The appellant argues that since the receiver did not file a lis pendens notice as provided by Article 6640, Vernon's Ann. Texas Civil Statutes, the appellant had no notice that the property in question was involved in a divorce proceeding and was an innocent purchaser for value.

We overrule the appellant's first two points. This could held in Cline v. Cline, 323 S.W.2d 276 (Tex.Civ.App.1959, writ ref, n. r. e.), that when in a divorce decree, a commissioner was appointed by the court to take possession of property in which there was a community interest and to divide it or sell it if no voluntary partition was made, the property was placed in custodia legis, even though the commissioner had not yet made bond or otherwise qualified as commissioner and had taken no possession of the property.

In Texas Trunk R. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647 at 649, our Supreme Court stated:

"In the case before us it appears not only that the suit in Kaufman county was instituted before the attachment sued out by Thompson was levied, but that the court had appointed a receiver before that was done, who, however, did not qualify until after the levy was made. We understand the courts to hold, almost without dissent, that, after the appointment of a receiver, the property to which the receivership relates is to be deemed in the custody of the law, and this seems to us the correct rule."

It is stated at 49 Tex.Jur.2d 155, Receivers § 123 as follows:

"Property in the possession of the receiver may not be sold by a trustee to satisfy a mortgage or trust deed unless the sale is authorized by the court in which the receivership is pending. A purported sale under a power contained in the instrument is therefore void and passes no title."

We hold that the trial court was correct in holding that the sale under the deed of trust was void because under the terms of the court's order the property in question was in custodia legis. The appellee was not estopped by his failure to timely file lis pendens.

We do not reach the appellant's third, fourth and seventh points of error because they attack another and independent basis for the appellee's recovery, alleged irregularities in the substitute trustee's sale.

Nor would it change the result if we sustained appellant's fifth and sixth points of error.

Affirmed.