IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## PAMELA J. MOSES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 73066     Mary Beth Leibowitz, Judge**

_____

**No. E2002-02319-CCA-R3-PC**
**October 2, 2003**
_____

The Defendant, Pamela J. Moses, pled guilty pursuant to a plea agreement to aggravated assault and numerous misdemeanors. The plea agreement encompassed the length of the sentences, but left the manner of service for the trial court's determination. The trial court denied an alternative sentence and ordered the Defendant to serve her terms in confinement. The Defendant subsequently filed for post-conviction relief, alleging ineffective assistance of counsel in conjunction with her plea. After an evidentiary hearing, the post-conviction court denied relief and this appeal followed. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Mark Stephens and Bob Edwards, Knoxville, Tennessee, for the appellant, Pamela J. Moses.

Paul G. Sumers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patti Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to her plea agreement with the State, the Defendant received an effective eight-year sentence for a single felony conviction and eight misdemeanor convictions.[1] The plea agreement did not specify the manner in which these sentences would be served. After a sentencing hearing at which a manager of the enhanced probation program, a program manager for the CAP Program in Community Corrections, and the Defendant's mother testified, the trial court declined to grant any alternative sentence. The judge ordered the Defendant to begin serving her felony sentence in the

_____

[1]The Defendant received a three-year sentence on the felony conviction, and eleven-month, twenty-nine day sentences on the misdemeanors.

Department of Correction. The Defendant now alleges that her plea was the result of ineffective assistance of counsel because her lawyer assured her that her guilty plea would result in her sentences being served on probation. She argues that her guilty plea was therefore unknowing and involuntary.

At the post-conviction hearing, the Defendant testified that her attorney told her that "probation was guaranteed, " and that the judge's questions during the plea hearing were "just a formality." Darryl Humphrey, the Defendant's lawyer during her plea process, testified to the contrary. He stated that he "never ever, ever told [the Defendant] that probation was guaranteed." Mr. Humphrey testified that the Defendant "understood, as [he] explained to her, that the decision was the Judge's."

In addition to hearing this testimony, the trial judge, who had also presided over the Defendant's plea hearing and her sentencing hearing, reviewed the transcripts of those proceedings. After the post-conviction hearing, the trial judge issued a written order denying the Defendant's petition and further set forth in writing her findings of fact and conclusions of law. That order states, in pertinent part, as follows:

> the Court does not find that Mr. Humphrey misled [the Defendant] such that she entered into a plea that was not knowing, voluntary and understanding. The Court further finds that [the Defendant] did understand that probation was not automatically granted. While the [D]efendant now finds it easy to say that she did not understand, when she was asked the questions by the Court, and signed the waiver[,] she understood. Mr. Humphrey worked hard to represent [the Defendant] and that as a result of his work many of the charges were reduced, nolled prossed, or dismissed as a result. Due to her behavior at bond hearings, Mr. Humphrey and [the Defendant] both knew that probation would be an uphill battle and that [the Defendant] knew or should have known that probation rested upon her good behavior. . . . From all of the forgoing the Court finds that the attorney for [the Defendant], Mr. Darryl Humphrey, not only met but exceeded the requirements of Baxter v. Rose, 523 S.W.2d 93 (Tenn. 1975) in competency and effort in this case. Mr. Humphrey clearly discussed all of [the Defendant's] rights and liabilities with her on numerous occasions, [the Defendant] has conveniently forgotten those things which do not achieve her desired ends in this case, because [the Defendant's] behaviors have had consequences. There is no question that at the time of [her] plea, [the Defendant] freely, voluntarily and knowingly understood her rights, the content of the plea agreement, the fact that no promises had been made to her about probation, and the very grave danger that she was in. The state at the time of the announcement of the plea agreement emphatically denied any willingness to place [the Defendant] on probation and [the Defendant] knew from the outset that it would be necessary for her to prove her worthiness for probation. She did not do so as is evidenced by the transcript of the sentencing hearing which is also an exhibit in these pleadings. [The Defendant's] petition is therefore respectfully denied.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. See Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

The evidence in the record before us does not preponderate against the trial court's findings. Moreover, we are convinced upon our review of the record that the Defendant has failed to demonstrate that her attorney was in any way ineffective, and has further failed to demonstrate that her plea was not knowing or voluntary.  Accordingly, we affirm the judgment of the trial court.

                                       _____
                                       DAVID H. WELLES, JUDGE