**Winston G. EASON, Appellant,**

v.

**Lamar HART et ux., Appellees.**

**No. 6168.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 9, 1958.

Rehearing Denied Oct. 29, 1958.

J. R. McDougald, Beaumont, for appellant.

W. G. Walley, Beaumont, for appellees.

HIGHTOWER, Justice.

The original petition in the nature of trespass to try title was filed by plaintiffs, Lamar Hart and wife, who are the appellees herein, against the defendant, Winston G. Eason, who is the appellant. We believe it sufficient, without detailed reference to various other pleadings filed by the respective parties, to say that the sole issue in the trial on the merits was made of the appellees' contentions that a sale of their realty had at public auction on November 1, 1955, under a power contained in a deed of trust executed by them and later assigned to the appellant was invalid by reason of an improper posting of one of three notices required of such sale. The notices were required by reason of Article 3810, R.C.S., Vernon's Ann.Civ.St. art. 3810, relating to such sales:

"* * * Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be made at the courthouse door of the county in which such sale is to be made * * *."

The deed of trust contained a provision for notice of sale similar to that prescribed by the statute. It is only in regard to the notice required to be posted at the courthouse that dispute is had. The appellant's contentions were that such notice was posted on October 6, 1955. The appellees, of course, sought to establish the contrary. Appellant's motion for instructed verdict at the close of all the evidence having been refused by the court, the issue thus drawn between the parties was presented to a jury with the burden of proof on the appellees. The jury, in answer to the sole issue submitted, found that notice of the sale was not posted at the courthouse door on October 6, 1955. Thereafter, having overruled the appellant's motion for judgment non obstante veredicto to the effect that such verdict was contrary to the undisputed evidence, the court entered its judgment entitling the appellees to recover the legal title to their property subject, however, to the deed of trust lien owned by the appellant, which lien was ordered foreclosed and the property sold under execution. The appellant bases his appeal on the trial court's refusal of his motions aforesaid, both of which raise the law question of no evidence. Our conclusions on the trial court's action in regard to the motion non obstante veredicto will, of course, be determinative of its action on the motion for instructed verdict.

Examining the evidence in the light of the narrow rules applicable in the circumstances, we find that the appellant introduced the following three instruments: the deed of trust, the appointment of one Paul T. Duff as attorney, agent and trustee to sell the property, and the trustee's deed evidencing such sale. The deed of trust does not provide for the appointment of a substitute trustee. It is not a true Texas Deed of trust instrument. It confers a straight power of sale upon the mortgagee, his attorney or agent duly appointed in writing to sell after default by the mortgagor. This instrument also contains the provision to the effect that in any deed given by the mortgagee or his agents the statements therein shall be taken as facts and as

prima facie evidence and proof of the matters recited therein. The trustee's deed reflects that the appellees' property was sold at public auction to the appellant, Winston G. Eason. It recites that the sale was made, "after having posted written notices at three public places in Jefferson County, Texas, one of which was at the courthouse door of said county for three consecutive weeks prior to the day of sale * * * on the first Tuesday in November, 1955, same being the first day of said month * * *." Having introduced these instruments the appellant rested. Whereupon the appellees then proceeded under the burden of rebutting the appellant's case as made. The only positive statements we are able to glean from the testimony of appellee Lamar Hart is that he visited the courthouse almost daily during the two weeks immediately preceding the sale on November 1, 1955, and could find no notices of the sale. Another witness stated that there was no notice posted at the courthouse door about the 15th or 16th of October. Appellees' most compelling testimony was elicited from Herbert M. Oldham, local attorney at law, who testified without qualification that he had searched the courthouse bulletin board on October 7th between the hours of 10:00 and 11:00 a. m., and no notices of the sale appeared thereon. Mr. Oldham did not otherwise participate in the trial.

The appellant then called Mr. Paul T. Duff, above mentioned as the trustee who conducted the sale. He testified that on October 6, 1955, he consented to act as trustee to sell appellees' property and on said date he also affixed his signature to three written notices of such sale which he then returned to appellant Eason. He further testified that he had no knowledge of whether one of these notices was posted at the courthouse door on October 6th or any other day prior to the day of sale.

Appellant Eason, next testifying in his own behalf, stated unequivocally that on October 6, 1955 at 4:30 p. m. he thumb-tacked upon the courthouse bulletin board one of the notices of sale which Mr. Duff had signed. Appellant was corroborated as to his posting of the notice by his sister-in-law, Gladys Eason, to the extent that several months prior to giving her testimony, it could have been in November as well as October, she accompanied the appellant to the Jefferson County courthouse while he thumbtacked some papers on which she saw the name Paul T. Duff and which appellant told her related to the Hart residence.

■ The appellees succinctly state their theory of the case as follows:

"Both the statute (3810, supra) and the trust instrument required the notice of sale in the instant matter to be advertised by posting for twenty-one consecutive days prior to November 1, 1955. Except for the recital in the trustee's deed there is no evidence that this requirement was met. At most, only the appellant, an interested witness, testified that he tacked up the notice on October 6, 1955. Other evidence pointed out in the statement under this counterpoint, by the strongest circumstantial evidence, refutes this asserted initial posting. But all of the affirmative evidence refutes the recital in the trustee's deed upon which appellant is forced to rely that the notice remained posted at the courthouse door for any twenty-one consecutive days following October 6, 1955 prior to November 1, 1955 * * *, it cannot be said that there was no evidence from which reasonable minds might draw different conclusions on these issues."

■ We do not agree with appellees' contentions. For them to have reached the jury their burden was to produce evidence amounting to more than mere speculation that the notice in question was not in fact posted at the courthouse on October 6th. It may well be said that the

fact that the notice did not appear at the courthouse on October 7, 1955 between the hours of 10:00 and 11:00 a. m., the day following that upon which the appellant testified he posted the notice at 4:30 p. m., raises the possibility that the notice was not in fact so posted or, if so, it was immediately removed. But such evidence is not sufficient in itself to require the issue as submitted. For as stated in Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, at page 785, 13 A.L.R.2d 1:

> " * * * And if the plaintiff would rest upon inferences rather than upon direct evidence, he meets the same rule. 'The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable certainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts.' "

■ The appellant's testimony is positive and uncontradicted that he posted the notice at the courthouse door on October 6th at 4:30 p. m. In the circumstances we do not believe that the interested party rule obtains in determining the probative weight and effect of the appellant's testimony on this point. As above noted in our statement of the case, the deed of trust executed by appellees not only contained the provision to the effect that in any deed given by the mortgagee's agents, the statements therein shall be taken as prima facie evidence, etc., but such instrument also made provision for the mortgagee himself to sell upon default by the mortgagor, and stipulated to the effect that in the event of such sale the mortgagee's statements contained in any deed executed by him would be entitled to dignity equal with the statements of an agent making the sale. The appellees had the contractual right to make such stipulations and bind themselves accordingly. They cannot now repudiate their contract and say that the mortgagee-appellant's positive testimony must be first corroborated by other evidence before it will support an instructed verdict absent probative evidence to the contrary. The fact that the appellant did not personally make the recitations contained in the trust deed seems of no consequence. He was authorized to do so and assured by contract of the weight to be given his statements. Therefore, his sworn statements on trial are entitled to weight equal to those which he may have made in a trustee's deed to the property. Moreover, we are of the opinion that the testimony of witness Gladys Eason, as above set out, adequately corroborated that of the appellant on the issue. The record as a whole clearly reflects that the only business relations existing between the appellant and the appellees in the vicinity of the months of March and November, 1955, was that occasioned by reason of the deed of trust lien in question. Certainly it was the only transaction existing between the parties upon which the name of Paul T. Duff might have appeared in connection with the appellees' property.

■ It having thus been established that the notice of sale was in fact posted on the courthouse bulletin board on the 6th day of October, 1955, we are not of the opinion that its absence thereafter affected the validity of the sale. In such connection we accept the view expressed in Cone v. Parish, D.C.Tex., 32 F.Supp. 412, at page 416, and authorities there cited:

> "The Court is of the opinion that the notices having been properly posted * * * this is sufficient to establish the validity of the instrument. 'If the notices are actually put up the required number of days before the sale, it is not essential that they

should have remained intact and visible during every one of the intervening days. But since the purpose is to attract bidders, notice is not posted within the meaning of the law when it is taken down by or at the instance of the person required to post it, soon after being properly affixed to the spot designated. The person making the sale, however, is not held responsible for keeping the notice posted, and its subsequent removal by a stranger will not affect the validity of the sale.' "

In his motion for judgment non obstante veredicto the appellant squarely presented his contentions to the trial court that the uncontradicted evidence established that the notice of sale was posted at the courthouse October 6, 1955. By his second point of error he here complains of the ruling of that court thusly:

"The trial court erred in refusing to grant appellant's motion for judgment non obstante veredicto, because the finding of the jury in answer to Special Issue No. 1 of the court's charge, which found that a notice of sale was not posted at the courthouse door on October 6, 1955, is against the overwhelming weight and preponderance of the evidence, *and has no support therein.*"

By their first counter-point the appellees say that this point of appellant presents no grounds for this court's consideration and is wholly insufficient to sustain such motion.

■ The appellant's point is multifarious and inartfully drawn. Insofar as it presents the fact question of the sufficiency of the evidence, this court could afford him no relief in the circumstances. 3 McDonald's Tex.Civ.Practice, Sec. 11.28, pp. 1033–34. But as we construe the phrase, "and has no support therein" (the evidence) it adequately presents the law question of "no evidence" here involved. Moreover, the appellant's entire argument under this point is directed to the law question of "no evidence". We have therefore passed on both the sufficiency and the merits of the "point" in the light of the statement and argument thereunder. See Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

The judgment of the trial court is reversed and here rendered that the appellees take nothing by reason of their suit and that the appellant, by reason of his cross-action, have judgment for title and possession in conformity with this opinion.