LAMAR HART ET UX v. WINSTON G. EASON.

No. A-7089. Decided March 11, 1959.
(321 S.W. 2d Series 574)

*Jack C. Eisenberg*, of Austin, *W. G. Walley, Jr.*, and *Jack R. King*, both of Beaumont, for petitioner.

*J. R. McDougald*, of Beaumont, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action in trespass to try title brought by petitioners, Lamar Hart and wife, against respondent, Winston G. Eason, the property involved being a house and lot in the city of Beaumont. The sole issue on the trial was whether a sale to respondent of petitioners' property at public auction on November 1, 1955, the first Tuesday in the month, under a power contained in a deed of trust executed by them and later assigned to respondent was invalid by reason of a failure to post a notice of such sale at the Jefferson County courthouse door. It was the the claim of respondent that he personally posted such notice on October 6, 1955, at about 4:30 p.m. No claim was made that he posted it at any other time. Accordingly, the special issue submitted to the jury inquired whether or not respondent posted the notice on that date. Based upon the answer of the jury that the notice was not posted on that date, judgment was rendered in the trial court in favor of petitioners for the title to and possession of the property; and on a cross action by respondent the judgment upheld the validity of the deed of trust lien and ordered same foreclosed and the property sold under execution. The effect of the trial court's judgment was to set aside the sale

by the trustee under the power contained in the deed of trust and order same sold under execution after due notice. The Court of Civil Appeals reversed that judgment and rendered judgment upholding the validity of the sale, holding that the trial court should have sustained respondent's motion for an instructed verdict or his motion for judgment non obstante veredicto. 316 S.W. 2d 945.

The instrument which we have referred to as a deed of trust was not in the form of such instruments generally employed in this jurisdiction. It was designated "First Mortgage," and empowered the mortgagee or his assigns, upon default, to sell the property either personally or through an agent or attorney. It contained the following recital:

"And it is further agreed by the parties hereto that in any deed or deeds given by the said Morgagee, or its successors and assigns, their attorney or agent hereunder, any and all statements or other recitals therein made * * * as to the property to be sold having been duly advertised and notice given in accordance herewith * * * shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals state facts, and without further question said statements and recitals shall be accepted as proof of the matters and things recited and stated in said deed or deeds."

The deed of sale signed by Paul T. Duff as attorney, agent and trustee of the mortgagee contained this recital:

"* * * and after having posted written notice at three public places in Jefferson County, Texas, one of which was at the Court House door of said County, for three consecutive weeks prior to the day of sale, * * *."

The recital in the deed was admissible in evidence, and within itself gives rise to a presumption of the validity of the sale. However, it is not a conclusive presumption, but one which may be rebutted. Slaughter v. Qualls, 139 Texas 340, 162 S.W. 2d 671; McFarlane v. Whitney, 134 Texas 394, 134 S.W. 2d 1047. This proposition is not questioned by respondent, but it is his position that there is no rebutting evidence in the record. Whether or not there is such evidence is the sole question for decision. The question of whether or not the answer of the jury was against the overwhelming weight of the evidence was not raised in the motion for new trial in the trial court, and, therefore, is not in the case.

The agent Duff, who conducted the sale, testified that he affixed his signature to three notices of such sale which he returned to respondent Eason, and that he had no knowledge of whether one of these notices was posted at the courthouse door on October 6 [1955] or any other day prior to the day of sale. In support of the presumption of validity, respondent Eason, testifying in his own behalf, stated that on October 6, 1955, at 4:30 p.m., he thumb-tacked upon the courthouse bulletin board one of the notices of sale which Duff had signed. His sister-in-law testified that several months prior to giving her testimony —it could have been in November as well as October, 1955—she accompanied respondent to the Jefferson County courthouse, at which time he thumbtacked on the bulletin board a paper on which she saw the name of Paul T. Duff, and which respondent told her related to petitioner Hart's residence.

The evidence offered by petitioners in rebuttal of the presumption arising from the recital in the deed was, in substance, as follows:

M. H. Oldham, an attorney who was not employed in this case testified that he examined the county courthouse bulletin board on October 7, October 10 and November 1, the day of the sale, to determine whether the notice of sale of petitioners' property had been posted, and that he did not find any such notice. One of petitioners' attorneys in this case testified that on two occasions, one being on the Friday following October 16 and the other being on October 28, he checked the county courthouse bulletin board for such notice and found none. Petitioner Lamar Hart testified, in substance, that during two weeks immediately preceding the sale he went to the courthouse almost daily to search the bulletin board for notice of sale of his property but found none. It was not disputed by any witness that a notice was there on the day following the sale. The precise question for decision here is whether that testimony was any evidence from which the jury could reasonably infer that the notice was not posted on October 6. We think that it was.

It is true that no witness testified that he was present at all times on the afternoon of October 6, and that respondent did not post any notice at that time. If, in order to rebut the presumption, it was necessary to produce testimony by a witness that he was constantly in attendance at the bulletin board and that no notice was posted at the time claimed, the practical effect would be to convert the recital in the deed of sale from a rebuttable presumption to a conclusive presumption. If testimony of

the nature above outlined cannot be considered on the question of whether or not the notice was posted, then in most cases there would be no way by which a mortgagor could rebut a presumption of validity.

The opinion of the Court of Civil Appeals takes notice of the fact that respondent was an interested witness, but holds that his testimony is so positive and uncontradicted that it must be accepted, notwithstanding the interested party rule. In our view the testimony of petitioners' witnesses summarized above has the effect of controverting respondent's testimony that he posted the notice on October 6,—particularly the testimony that the notice was not on the bulletin board the following day. In addition thereto other testimony of respondent was directly controverted. For example, respondent testified that almost every weekday between October 6 and November 1 he checked the courthouse board, and on each occasion found the notice posted thereon. This was controverted by petitioner Lamar Hart, who testified that for about two weeks before the sale he went almost daily to the courthouse bulletin board to see if any notice of sale had been posted and found none, and by the testimony of one of petitioners' attorneys in the case that on Friday following October 16 and on October 28 he examined the board for a notice of sale but found none. Respondent's testimony that the notice was on the courthouse board on the day of sale was also directly controverted by testimony of petitioner Hart and his witness Oldham. It was the province of the jury which saw the witnesses and heard their testimony to determine whether respondent's testimony that he posted the notice on October 6 must be accepted.

Our conclusion is that the Court of Civil Appeals erred in reversing and rendering the judgment of the trial court. Accordingly, its judgment is reversed, and that of the trial court affirmed.

Associate Justices Griffin and Hamilton dissenting.

Opinion delivered March 11, 1959.