**Donald CARROLL, Appellant,**

v.

**Robert K. KNICKERBOCKER, and Keats and Associates, Appellees.**

**No. 8417.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 14, 1976.

Rehearing Denied Jan. 4, 1977.

Michael M. Daniel, Dallas Legal Services Foundation, Inc., Dallas, for appellant.

Daniel J. Sheehan, Jr., Wynne & Jaffe, Dallas, for appellees.

CHADICK, Chief Justice.

This is an appeal from a judgment in a suit for damages by a tenant against his landlord. The tenant grounded his right to recovery on unlawful eviction. Summary judgment was entered that the tenant take nothing and he has appealed. The judgment of the trial court is reversed and the case is remanded for a new trial.

Donald Carroll, the tenant, was plaintiff below and is appellant here. Robert K. Knickerbocker and Keats and Associates, a corporation alleged to be wholly owned by Knickerbocker, were defendants below and are now appellees. Keats and Associates and Knickerbocker will hereafter be referred to collectively as Keats.

■ Carroll's first point of error is that Keats' motion for summary judgment failed

to meet a movant's burden of proof in a summary judgment proceeding. The burden on a movant is to prove that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Adam Dante Corporation v. Sharpe,* 483 S.W.2d 452 (Tex.1972); Tex. R.Civ.P. 166–A; 4 McDonald's, Texas Civil Practice, Sec. 17.26.2. Keats' motion is grounded primarily upon the facts alleged in this paragraph, to-wit:

> "There has been no eviction of Plaintiff by either Defendant, as a matter of law, since the Plaintiff occupied the premises on a month to month tenancy, and Defendant gave notice of its intention to terminate the tenancy in the required length of time prior to June 15, 1974, at which time Plaintiff vacated the premises in accordance with an agreed order."

Reasonably construed the paragraph sets out as a fact that certain notice had been given and that Carroll vacated the premises in accordance with an agreement. There is no proof in the record of either of these material facts. The motion for summary judgment is unsworn and no affidavit, deposition, admission or other extrinsic evidence supporting the facts is found in the record. Keats, as movant, offered no evidence. Carroll did not move for summary judgment or by pleadings or otherwise admit the factual allegations of Keats' motion. In the absence of proof of these material facts there is no basis for a judgment for Keats on the whole case. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Best Investment Company v. Francis,* 453 S.W.2d 893 (Tex.Civ.App. Eastland 1970, writ ref'd n.r.e.); 4 McDonald's Texas Civil Practice, Sec. 17.26.2. Alternative grounds for summary judgment on the whole case stated in Keats' motion are also without merit for reasons similar to those discussed.

The record does not present a matured summary judgment case. There is no summary judgment evidence of the facts noticed nor of the factual allegations of either party's pleadings. Neither are Carroll's pleadings tested by a summary judgment

motion directed solely thereto. Carroll's first point of error is sustained and the judgment of the trial court is reversed and the case remanded for new trial.