Sobel v. MBank Waco 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-90-188-CV

        JEROME I. SOBEL,
                                                                                       Appellant
        v.

        MBANK WACO, N.A.,
                                                                                       Appellee
 

 From the 19th District Court
McLennan County, Texas
Trial Court # 90-823-1
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Jerome Sobel sued MBank Waco for the wrongful foreclosure of a deed of trust. He
alleged that the foreclosure violated a bankruptcy stay order. MBank counterclaimed for a
deficiency judgment on the note secured by the deed of trust. Following a bench trial, the court
concluded that the stay expired prior to the foreclosure. It entered a judgment that Sobel take
nothing and that the bank recover on its counterclaim. We will affirm. 
          A stay automatically arose when Sobel filed for bankruptcy on May 1, 1989. See 11
U.S.C.A. § 362(a) (West 1979 and West Supp. 1991). This prevented the enforcement of liens
against property of his estate. See id. at § 362(a)(4) (West 1979). MBank filed a motion on May
3 to lift the stay, but no preliminary or final hearing was ever held on the motion. On May 3 the
bank also filed a separate motion, asking the court to issue an ex parte order to modify the stay
so that notice of foreclosure could be posted under the deed of trust. The court entered this ex
parte order on May 12:
IT IS, THEREFORE, ORDERED that the Automatic Stay of 11 U.S.C § 362 is
hereby modified as to MBank Waco . . . to permit [the bank] to post the real property
described in its Motion For Relief from Automatic Stay for foreclosure sale continuously
until its Motion for Relief is heard and decided and to notify appropriate parties pursuant
to state law. However, in no event shall [the bank] be authorized to proceed with
foreclosure sale unless and until this Court issues an Order to that effect.
(Emphasis added). The bank proceeded with the foreclosure on June 6 without a court order "to
that effect." 
          A stay automatically terminates thirty days after a motion is filed to lift it unless, "after
notice and a hearing," the court orders the stay continued pending a final hearing on the motion. 
11 U.S.C.A. § 362(e) (West Supp. 1991). MBank argues that the stay expired on June 3—the
thirtieth day after the motion to lift it was filed—because no hearing was held on the motion. 
Sobel contends, however, that the effect of the May 12 order was to continue the stay until the
court issued an order authorizing the bank to proceed with foreclosure. Because the court never
issued an order authorizing the foreclosure sale, he argues that the stay was still in effect on June
6 when the foreclosure occurred. Thus, he contends the foreclosure was void because it violated
the stay. See Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940). 
          Determining the effect of the May 12 order is pivotal. We will apply the rules that govern
the interpretation of other written instruments to determine from the language of the order what
the court intended and then give the order its intended effect. See Lone Star Cement Corporation
v. Fair, 467 S.W.2d 402, 404-05 (Tex. 1971); R & P Enterprises v. LaGuarta, Gavrel & Kirk,
596 S.W.2d 517, 518 (Tex. 1980). 
          The prohibition against proceeding with the foreclosure sale without a court order is not
limited to any particular period of time. The question is whether the court intended the prohibition
to apply only as long as the stay remained effective under section 362(e)—in this instance until the
thirtieth day after the motion was filed to lift the stay—or intended it to continue the stay beyond
the thirtieth day and until a subsequent court order was issued authorizing the foreclosure sale.
          Sobel asserts that the court intended the prohibition to continue the stay beyond the thirtieth
day. The order was issued ex parte and without notice or a hearing. An order issued without
notice or a hearing is ineffective to extend the stay beyond the thirtieth day after a motion is filed
to lift it. In re Looney, 823 F.2d 788, 791-92 (4th Cir. 1987). Thus, if we interpret the order as
Sobel suggests, the portion of the order containing the prohibition will be ineffective. We must
interpret the order in a way that makes all of its provisions effective. See Harris v. Roe, 593
S.W.2d 303, 306 (Tex. 1980). Consequently, we reject Sobel's interpretation. See id. 
          Instead, we adopt the more reasonable interpretation of the court's intent: The court
intended the prohibition to apply only as long as the stay remained effective under section 362(e). 
This interpretation is not only in harmony with the language of the order but gives effect to all its
provisions. Although in interpreting the order we did not consider comments which the
bankruptcy judge made at a show-cause hearing held subsequent to the foreclosure, we note that
our interpretation is consistent with his view of the order's effect.
          Sobel's suit for wrongful foreclosure is based on the erroneous premise that the June 6
foreclosure sale violated the stay. The stay automatically expired on June 3 because no hearing,
either preliminary or final, was ever held on the motion to lift it. See 11 U.S.C.A. § 362(e) (West
Supp. 1991). The prohibition against proceeding with the foreclosure sale without a court order
expired with the termination of the stay. Therefore, Sobel has no legal basis for a wrongful-foreclosure action based on a violation of the stay. Points one, two, and five are overruled. 
          His third point attacks the legal conclusion that MBank complied with all notice
requirements in the deed of trust and under state law. The trustee's deeds contain a recital that
MBank complied with "all prerequisites required by law and/or by said Deed of Trust." This
recital created a rebuttable presumption that the foreclosure sale was validly conducted. See Hart
v. Eason, 159 Tex. 375, 321 S.W.2d 574, 575 (1959). Because the presumption was not
conclusively rebutted, we overrule point three. 
          The fourth point is that the court erred when it found that the amounts bid at the
foreclosure sale by MBank were reasonable. Sobel testified that the improved tract was worth
$80,000, but notes that MBank bought the tract at the foreclosure sale for only $24,500. His
opinion testimony on value was not binding on the court and, thus, did not conclusively establish
that the sale price was commercially unreasonable. See McGalliard v. Kuhlmann, 722 S.W.2d
694, 697 (Tex. 1986) (holding that the fact-finder is not bound by opinion testimony from
interested witnesses). Point four is overruled.
          The judgment is affirmed.
 
                                                                                  BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and 
          Justice Vance
Affirmed
Opinion filed and issued February 19, 1992
Do not publish